McKinney, J.,
delivered the opinion of the Court.
This bill was brought to redeem a lot of ground *597 in the city of Memphis. The Chancellor decreed for the complainants, and the case is brought here on a writ of error.
The lot was sold at execution sale, on the 7th of July, 1851, and was purchased by one Whitsitt, at the price of eight dollars.
Whitsitt transferred his interest to “John L. Saffarans & Co.,” and in writing directed the sheriff to make a deed accordingly.
Within two years from the sale, a tender of the redemption money was regularly made to John L. Saffarans, who refused to receive the same, for the reason, as he alleged, that there was no one, entitled to redeem said lot; therefore, this bill was filed, and the redemption money deposited in Court.
The defendants to the bill are Whitsitt and “ John L. Saffarans & Co.” But neither in the bill, nor in any proceeding in the cause, are the names of the other persons, constituting the alleged firm of “ John L. Saffarans & Co.,” stated; nor, indeed, is it shown in the record, that any such firm really existed, or, that any person whatever was associated with John L. Saffarans in business, generally, or in this particular transaction. The subpoena to answer is against the firm; and the sheriff’s return thereon is, “ Executed on J. L. Saffarans — company not found.” Neither Whitsitt nor Saffarans, both of whom resided in Memphis, where the bill was filed, answered the bill, and judgment pro confesso was regularly entered up against both. The former died during the progress of the suit. The proof shows that “Saffarans & Co.” took possession of the lot in 1851, and that $75 per year *598 would be a reasonable rent; also, that the building and improvements on the lot were worth about $300, all of which were torn down and destroyed; and that the soil and earth, to the depth of five or six feet, were dug and taken away, to fulfil a contract that “ Saffarans & Co.” had for filling up the Navy Yard at Memphis, the value of which is fixed at $200. An account was ordered, embracing all the foregoing items, making an aggregate of $768.25, as reported by the master. John L. Saffarans refused to obey the summons of the master, requiring him to be present at the taking of the account. The report of the master, not being excepted to, was confirmed; and a final decree rendered against “John L. Saffarans & Co.” for the amount stated, with interest from the date of the report and costs of suit.
To reverse this decree, John L. Saffarans, and four other persons, who in their petition for a writ of error state, “that they are, and have been for several years past, partners in business in the city of Memphis, under the firm name and style of “ John L. Saffarans & Co.,” have joined in prosecuting a writ of error.
It is insisted here, for the so-called plaintiff in error, that the entire proceedings and decree in the cause, are irregular and void, on the ground, that the several persons composing the firm, except John L. Saffarans, were not parties to said proceedings and decree.
The proceedings in this case, as exhibited in the record, are certainly anomalous, but we will proceed to enqnire whether any of the parties to this writ of *599 •error can be heard to complain of them in the mode here attempted.
It is to be observed, that the question upon which this case depends, involves the consideration of the principles of law applicable to the peculiar relation of partners, in respect to real estate. Upon general principles, it would seem, that real estate, purchased by partners, with the partnership funds, and for the use or benefit of the partnership, is to be regarded, in respect to the legal title, as an estate held by them as tenants in common, but subject to a trust, implied from the relation of the parties and nature of the case, for the benefit of the partnership, until the partnership accounts are settled, and the partnership debts are paid. Usually, and properly, the conveyance is to the partners, as tenants in common, by name. Real and personal property, in this respect, stand upon different grounds. By positive law, the legal title to the real property can pass to the purchaser, only by conveyance. And at law, the question in whom the legal title is, must be determined by the import and legal effect of the instrument of conveyance. If this principle be correct, it follows that a conveyance to “J. L. Saffarans & Co.” would operate to invest John L. Saffarans, individually, with the entire legal title. But it is clear, that in equity, he would be treated as holding the legal title in trust, for the benefit of the partnership. The rule at law, is, that .the legal title is in the individual partner to whom, by name, the conveyance is made. The several members composing the firm cannot be regarded, in the view of a court of law, as holding real estate' *600 as tenants in common, unless it be conveyed to them as such, by name; and on the other hand, each partner is required to join in the conveyance of real estate, in order to pass the entirety thereof to the purchaser. If one partner only executes the conveyance,, whether it be in his own name, or in that of the firm, the deed will not, generally speaking, pass anything more than his own interest.—Story on Part. §§ 92, 94; Colyer on Part. § 135, et scq; 20 Maine R. 413. But in the view of a Court of Equity, it is-unimportant in whose name the purchase may have been made, or the conveyance taken; whether in the name of one of the firm, or even in the name of a stranger; if purchased, in fact, with partnership funds- and for partnership purposes, it will be treated in equity as belonging to the firm.
It results, therefore, from the application of these principles, that the legal title to the lot in question,, was vested in John L. Saffarans, as trustee, for the benefit of the firm, if in fact any such firm existed. And it is certainly true, that the correct practice would have, been to have made the other partners, parties, and this might have been required if the objection had been made at the proper time and in the proper form, but that is not now the question. The point to be decided is, whether or not the omission of the other supposed partners constitutes any sufficient ground, in view of all the facts' of this particular case, for setting aside the proceedings as irregular and void. We think not. J. L. Saffarans, in whom the legal title was vested, as trustee, and representative of the firm, was regularly before the Court. He *601 refused to appear, or answer, or have anything to do with the defence of the suit. He cannot, therefore, complain; so far as he is individually concerned, the title is properly divested out of him and restored to the complainants; nor is it for him to complain in behalf of his alleged co-partners. True, the decree will necessarily operate upon him alone, when it ought — upon the assumption that there are other partners — to have been against all the members of the firm; but this is the unavoidable and legitimate result of his own voluntary refusal to avail himself of his day in Court, when this and other objections were open to him, and might have been successfully urged.
But it is said, the bill is multifarious, and that the decree is erroneous, in allowing for the destruction o± buildings, and for the value of the soil and earth, removed and sold.
The defendant, J. L. Saffarans, in the existing state of our law, cannot assign this for error. By the act of 1852, ch. 365, § 7, multifariousness cannot be assigned for error, unless the objection was first made by demurrer, taken at the proper time. And by the 9th section of the same act, if, without demurrer, an answer be put in, it amounts to a waiver of all objections to the jurisdiction of the Court, even though the matter complained of, be matter of legal juris-, diction; and the Chancellor is, required to decree relief according to law, and forbidden to dismiss the bill. Under this provision, an objection to the jurisdiction, of the nature of the one before us in the present case, must be taken by demurrer, and if waived, by submitting to answer, the objection cannot *602 be set up in any other mode. Such is the state of the law where the party appears and makes defence; and if, being regularly served with process, he neglect to appear, and judgment pro confesso is entered up against him, he is in no better condition. In the latter case, as much as in the former, he has neglected to avail himself of the objection in the only mode in which advantage can be taken of it. The judgment pro confesso stands in the place of an answer, admitting the facts charged in the bill, without objection to the jurisdiction of the Court. Hence the defendant is precluded, in this Court, from relying on this as a ground for reversing the decree.
In the next place, the other persons who have joined in the prosecution of this writ of error, cannot be heard in this Court. First, upon the uniform rule, that not being parties upon the record, they cannot appeal, or bring a writ of error. And, again, because not being parties — they are not, and cannot, in contemplation of law, possibly be affected by the decree. They have nothing to complain of, admitting them to be parlies with Saffarans the defendant, for upon that assumption, they are relieved from a burden which ought to have fallen equally upon all the members, but which by the decree, is cast upon John L. Saf-farans alone.
The general rule is admitted, that all persons having an interest, either legal or equitable, in the subject matter of the suit, must be made ' parties. But no one of the plaintiffs in error is in a condition to insist upon the violation of this rule in the present case. And as the person vested with the entirety of the *603 legal title to the lot in question, was properly before the Court, this is sufficient — upon the state of the case as presented in the record — to sustain the decree for redemption; and the decree for rent and damages is equally well sustained against John L. Saffarans.
The 'decree, however, will be corrected in form, so as to make it a decree against John L. Saffarans personally and alone, and with this modification, it will be affirmed.